IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
☐ HARRISONBURG DIVISION [☐ HARRISONBURG or ☐ STAUNTON] or
☑ LYNCHBURG DIVISION  [☑ LYNCHBURG or ☐ CHARLOTTESVILLE]

☑ INITIAL or ☐ SUPPLEMENTAL

## TRUSTEE'S OBJECTIONS TO CONFIRMATION, REQUEST FOR DOCUMENTS, AND MOTION TO DISMISS

**IN RE: CLARA G. ELLIS**  
**4 WESTDALE DRIVE**  
**LYNCHBURG, VA 24501-3050**

**CASE #: 18-60043**

This is the Trustee's report following the ☑ initial or ☐ adjourned Meeting of Creditors, which was held on the date noted below; the Debtor ☑ did or ☐ did not attend; Creditors ☐ did or ☑ did not appear.

☑ The hearing on confirmation and Show Cause on Dismissal/Motion to Reconvert is to be held on ____March____ 29, 2018, at ☑ 9:30 a.m. or ☐ 10:00 a.m., as originally noticed;
☑ Trustee objects to confirmation, and modifications, documents, or actions are required as set forth on attached Exhibit "A"
☑ The Meeting of Creditors **IS NOT** adjourned;
☐ The Meeting of Creditors **IS** adjourned to _____ _____, 20____, at ___:_____ ___.m. - ***Debtor's Attorney to notice Debtor of the continuance.***

Further, if modifications are required, they must be served upon all affected Creditors and other parties in interest, pursuant to the Local Rules of this Court, and noticed for hearing as of the date set forth for hearing on confirmation, or to such other date as the Court may advise Debtor's counsel.

**WHEREFORE,** your Trustee moves the Court to dismiss or convert this case if the requested modifications, documents, and/or actions have not been completed at least ten days prior to the scheduled hearing on confirmation, and/or if the Debtor has failed to appear at the original or adjourned Meeting of Creditors, and/or if the Debtor is not current in Plan payments; and, for other relief as may seem just.

Dated:  02/16/2018  
(Date of 341 Hearing)

*Angela M. Swofford*  
Herbert L. Beskin, Chapter 13 Trustee  
P.O. Box 2103  
Charlottesville, VA  22902  
Ph: 434-817-9913; Email: ch13staff@cvillech13.net

## CERTIFICATE OF SERVICE

A copy of this Trustee's Report and Objection Following Meeting of Creditors was mailed to the Debtor and electronically served by ECF or mailed though USPS to Debtor's counsel on February 17, 2018.

21

*Angela M. Swofford*  
Herbert L. Beskin, Chapter 13 Trustee  
P.O. Box 2103  
Charlottesville, VA  22902  
Ph: 434-817-9913; Email: ch13staff@cvillech13.net

(Version #28, 4/15/17)

**EXHIBIT "A" TO TRUSTEE'S REPORT (page 1)**

Name(s): CLARA G. ELLIS                                           Case No. 18-60043

__X__ 1. The Debtor must commence making payments at the rate and in the amounts stated in the Plan. **If the Plan calls for payments through an automatic wage deduction from an employer, the Debtor must make payments directly to Trustee until the wage deduction takes effect.**

____ 2. The Debtor or attorney must <u>within 10 days</u>:
- ____ A. Submit a wage-deduction Order to the Court for entry; or 1/30/2018     (OK)
- ____ B. Submit a pay-direct Order AND provide proof that a TFS payment account has been set up and is working; or
- ____ C. Other: _____

✓ 3. The Trustee objects to confirmation of the proposed Plan and/or moves to dismiss or convert this case pursuant to 11 U.S.C. § 1307 because:
- ____ A. Debtor ineligible for Chapter 13: debts exceed statutory limits [11 U.S.C. § 109 (e)]     (OK)
- ____ B. Debtor ineligible for Chapter 13: nature of dismissal of prior case [11 U.S.C. § 109(g)]     (OK)
- ____ C. Debtor ineligible for Chapter 13: failure to obtain pre-petition budget counseling [11 U.S.C. § 109(g)] 1/5/2018     (OK)
- ____ D. Insufficient future income devoted to Trustee's control to assure execution of the Plan. [11 USC § 1322(a)(1)]     (OK)
- ____ E. Plan does not provide for payment in full of all priority claims in full. [11 U.S.C. § 1322(a)(2)]
- ____ F. Plan discriminates unfairly against a designated class of unsecured claims [11 U.S.C. § 1322(b)(1)]
- ____ G. Plan does not provide for the appropriate plan payment period [11 U.S.C. § 1322(d)]
  Plan payment period should be __36__ months. (Debtor is: ☐ above median  ☑ below median)
- ____ H. Plan has not been proposed in good faith [11 U.S.C. § 1325(a)(3)]
- ____ I. Plan does not meet the Chapter 7 liquidation test [11 U.S.C. § 1325(a)(4)]
- ____ J. Periodic payments to an allowed secured claim are not in equal monthly installments [11 U.S.C. § 1325(a)(5)(B)(iii)]     (OK) N/A
- ____ K. Payments to creditor secured by personal property insufficient to provide adequate protection [11 U.S.C. § 1325(a)(5)(B)(iii)]     (OK) N/A
- ____ L. Debtor will not able to make all payments under plan or comply with plan; plan infeasible [11 U.S.C. § 1325(a)(6)]
- ____ M. Debtor did not file the petition in good faith [11 U.S.C. § 1325(a)(7)]
- ____ N. Debtor has not demonstrated that all post-petition support payments have been made [11 U.S.C. § 1325(a)(8)]
- ____ O. Debtor has not filed all applicable Federal, State, and local tax returns (§ 1308) [11 U.S.C. § 1325(a)(9)]     (OK) N/A
  Years not filed: IRS: _____; VDOT / other state: _____
- ____ P. Plan as proposed is under-funded (not sufficient funds for Trustee to pay claims as proposed in plan)
- ____ Q. Debtor in default of plan / Trustee payments (As of ___/___/___: amount rec'd = $_____; def. = $_____)     OK
- ✓ R. Plan fails to provide that all of the disposable income in the commitment period will be applied to plan payments [11 U.S.C. § 1325(b)(1)(B)] _excessive food, storage, and entertainment expenses and should include income of other adults in the home_
  As filed, Form 122C-2, Line 45, requires 60 mo. x $_____/mo. = $_____; and amendment IS / IS NOT required.
- ____ S. Other: _____

✓ 4. The Debtor must provide the Trustee with the following documents:
- ____ A. Copy of <u>all</u> of the Debtor's pay stubs, operating statements (if self-employed), retirement checks, or government benefits (Social Security, unemployment insurance, etc.) received in the 60 day period before this case was filed.     (OK)
- ✓ B. Affidavit of ongoing financial contribution (on Trustee's standard form) for $ __700__ /mo. from: __brother__
- ____ C. Copy of any previously filed Homestead Deed(s).
- ____ D. Copy of the real estate tax assessments for the current year AND/OR real estate appraisal or BPO.     (OK) N/A
- ____ E. Copy of deed(s) conveying real property to Debtor(s). (Issue: T by Es; joint; life estate; or _____)
- ____ F. Proof that an automatic payment process for future mortgage payments has been put into place. (arrears are $_____)
- ✓ G. Documents, *properly summarized*, to support: __food for 1 person $1,150; Storage $120;__
- ____ H. The questionnaire sent to the Debtor by the Trustee, with all questions answered.     (OK)
- ____ I. Debtor shall meet with his/her payroll office to determine if revising wage withholding and/or tax exemptions is necessary to increase take-home pay to ensure that sufficient taxes are being withheld.
- ____ J. A copy of the Debtor's most recently filed federal income tax return (20__16__) [11 U.S.C. § 521(e)(2)] OR affidavit     (OK)
- ____ K. Within **30 days** a copy of all delinquent unfiled income tax returns (see para. 3O, above), plus a statement confirming that returns have been filed with (as applicable) Special Procedures Div. of the IRS and the Bankruptcy Dept. of the VDOT in Richmond.
- ____ L. Proof of child support income / expense $_____; proof of daycare expense $_____.
- ____ M. DSO information needed: payee name, address, and phone number.     OK N/A
- __X__ N. Pre-confirmation affidavit from Debtor(s), or other appropriate evidence to satisfy matters addressed in the affidavit.
- ____ O. Other: _____

✓ 5. The Debtor must provide the Trustee with the following information: __paystubs and income for all adults living in the home__

____ 6. The Debtor must file the following pleading(s):
- ____ A. Motion or adversary complaint to avoid lien for: _____
- ____ B. Order to authorize Trustee to begin making regular monthly mortgage payments.
- ____ C. Motion and order to extend or impose automatic stay (hearing has been set for ___/___/___)     OK N/A
- ____ D. Other: _____

(Version #28, 4/15/17)

**EXHIBIT "A" TO TRUSTEE'S REPORT (page 2)**

Name(s): CLARA G. ELLIS　　　　　　　　　　　　　　　　　　　　　　　Case No. 18-60043

✓ 7. The Debtor must amend and refile the following Schedules to provide complete and accurate information:
　　___ A. Schedule A/B, Part 1 (real estate): _____
　　___ B. Schedule A/B, Part 2 - 8 (other property): _____
　　___ C. Schedule C: Trustee objects to the following claims of exemption: _____
　　___ D. Schedule D (secured): _____
　　___ E. Schedule E/F, Part 1 (priority): _____
　　✓ F. Schedule E/F, Part 2-4 (non-priority): add Fidelity Collections/City of Hillsboro
　　___ G. Schedule G (exec./ leases): _____
　　___ H. Schedule H (co-debtors): _____
　　___ I. Schedule I (income): _____
　　___ J. Schedule J (expenses): _____
　　___ K. Statement of Financial Affairs: _____
　　___ L. Attorney Disclosure Statement: _____
　　___ M. Form 21 (Soc. Sec. #): _____
　　___ N. Petition: _____
　　✓ O. Form 22C 1&2 (Current Monthly Income): show income for prior 6 months and complete the form — family of 1 — or all income for
　　___ P. Other: all adults in the home

✓ 8. The Debtor must amend the proposed Plan as follows:
　　___ A. To provide for §1326 adequate protection payments for: _____
　　___ B. To amend Plan to pay secured debt arrearage in full, or object to claim, for the following creditor(s): _____
　　✓ C. To increase Plan payments as follows: resolve 3R
　　✓ D. To correct proposed percentage payout to unsecured creditors. < 1.%
　　___ E. To provide for the following priority or secured claims, or object to claim(s): _____
　　___ F. File and properly serve "Special Notice to Secured Creditor" for: _____
　　___ G. File / Redo Plan using proper Plan format (see Court's web site)
　　___ H. To resolve the following objections/motions: _____
　　✓ I. Other 8.1-E - remove or clarify provision regarding adequate protection - assume leases as appropriate. - 3.3 - clarify amount of car claim $17,256 on D

___ 9. The Plan needs to be re-noticed to:
　　___ A. All creditors
　　___ B. The following creditors: _____

___ 10. Plan only pays a total of $_____ (net) to general unsecured creditors.　　N/A

___ 11. Other: _____

___ 12. Confirmation order to state:
　　___ A. Plan must pay 100% to all general unsecured creditors / all joint unsecured creditors / all unsecured creditors of Husband / all unsecured creditors of Wife based upon the Chapter 7 test ($_____) / Disposable Income test ($_____).
　　___ B. Trustee retains his Disposable Income / Chapter 7 Test objection to review _____. By _____, the Debtor(s) shall provide the Trustee with amended Schedules I and J (as needed), 3 months of recent pay advices, federal tax return for 20___, and _____.
　　___ C. Confirmation is not res judicata as to the Trustee's Disposable Income because Debtor(s) are not devoting all disposable income to Plan payments (Line 45, Form 122C-2 requires $_____/mo.; plan payment is $_____/mo.)　　N/A
　　___ D. Debtor(s) have an affirmative obligation to advise the Trustee immediately _____
　　___ E. Debtors are not entitled to discharge under sec. 1328(f) because _____
　　___ F. Debtor(s) shall pay directly all required tax payments (income, sales, withholding, etc.) every calendar quarter during the Plan.
　　___ G. Other: _____

___ 13. Trustee & attorney agree: Confirmation to be continued to ___/___/___
　　Reason: to get beyond bar date to review joint claims / ensure 100% payout, or _____

(Version #28, 4/15/17)